NOT DESIGNATED FOR PUBLICATION

No. 121,558

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TICORYAN MONQUEZ WHITE,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed May 8, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: While Ticoryan White was on probation for aggravated battery and witness intimidation, he was cited at 2 a.m. for transporting an open container of alcohol while in a car, a misdemeanor offense. He didn't report that citation to his probation officer and then denied law-enforcement contact when asked.

The State then sought to revoke White's probation, alleging that he had violated his probation by committing a new crime (transporting an open container), possessing alcohol, breaking curfew, and failing to report law-enforcement contact. The State also said that White had not been seeking employment, another violation of his probation. White admitted to those violations at a court hearing.

Based on those violations, the district court revoked his probation and imposed the underlying 13-month prison sentence. The court cited K.S.A. 2018 Supp. 22-3716(c)(8) as the authority for its order; that statutory provision gave the district court discretion to revoke probation when the defendant had committed a new crime. (The statute has since been amended, but neither party argues that the amendments apply in this appeal.)

White has appealed the district court's decision to this court. He does not challenge the district court's finding that he committed new crimes. He argues only that "the district court erred in revoking his probation and imposing his underlying prison sentence."

White doesn't argue that the district court lacked the discretion to revoke his probation—K.S.A. 2018 Supp. 22-3716(c)(8) provided that authority. So whether to revoke his probation was a discretionary call for the district court. And unless the district court has made a legal or factual error (which White hasn't claimed), we will set aside its discretionary decision only if no reasonable person could agree with it. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

We see nothing unreasonable here. As the district court noted, White had not only committed a crime while on probation, but he sought to conceal the new offense from his probation officer by not reporting it and then denying contact with law enforcement. Those facts provided a reasonable basis for the district court to conclude that White was no longer amenable to probation.

On White's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke White's probation.

We affirm the district court's judgment.